**In re GRAND JURY PROCEEDINGS.**

**M.B.D. No. 87–723.**

United States District Court,
D. Massachusetts.

Oct. 8, 1987.

---

## MEMORANDUM

YOUNG, District Judge.

This Court, once again sitting as the session responsible for the Miscellaneous Business Docket, is presented with an application for an order of immunity in a grand jury proceeding sought pursuant to 18 U.S.C. § 6003. The circumstances giving rise to this Court's concern over the propriety of issuing such an order are set forth in some detail in this Court's earlier opinion *In Re: Grand Jury Proceedings,* 673 F.Supp. 1138, 1138–1139 (D.Mass.

---

**1.** *See generally In Re: Grand Jury Proceedings,* 673 F.Supp. 1138, 1139 (D.Mass.1987).

**2.** The order's duration is similar to that set forth in Order No. 1209–87, construed *In Re: Grand Jury Proceedings,* 673 F.Supp. 1138. It is more accurate to state the second limitation in terms of Senate confirmation of a presidential appointment pursuant to § 541.

**3.** The Court seriously doubts the efficacy of the Acting Attorney General's action pursuant to 28 U.S.C. §§ 509, 510, and 515, at least with respect to filling any vacancy caused by the expiration of Mr. McNamara's original interim appointment on August 4, 1987. *In Re: Grand Jury*

1987). Owing to an action taken by the United States Attorney General's office, however, the concerns expressed therein have been abated to the point that this Court issues the order herein requested with far less reservation for the reasons discussed below.

On September 3, 1987, Acting United States Attorney General Arnold I. Burns [1] appointed Assistant United States Attorney Frank L. McNamara, Jr. ("Mr. McNamara") to be the Acting United States Attorney for the District of Massachusetts until either a court appointment by the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 546(d) or a Presidential appointment pursuant to 28 U.S.C. § 541.[2]

The order, No. 1221–87, was effective as of September 4, 1987 and made pursuant to 28 U.S.C. §§ 509, 510, 515, and 546. It is the Acting Attorney General's action pursuant to 28 U.S.C. § 546 that moots this Court's concerns with respect to issuing the present order.[3]

Section 546 provides in relevant part:

(a) Except as provided in subsection (b), the Attorney General may appoint a United States attorney for the district in which the office of the United States attorney is vacant.

(b) The Attorney General shall not appoint as United States attorney a person to whose appointment by the President to that office the Senate refused to give advice and consent.

In this Court's earlier opinion, I opined that

[a]lthough the drafters appeared to envision that the district court would act at

*Proceedings,* 673 F.Supp. 1138, 1143. ("For purposes of § 546, therefore, the office of United States Attorney for the District of Massachusetts is still vacant"). Those sections respectively provide for the functions of the Attorney General, the delegation of authority of the Attorney General, and the general authority for legal proceedings by the Attorney General or any other officer of the Department of Justice. None of the sections provides for the circumstance presented here, i.e., where Congress has expressly enacted specific guidance for the filling of a vacancy in the office of the United States Attorney as set forth in 28 U.S.C. § 546.

the expiration of an interim appointment, it is not clear from this Court's reading of the statute, that the Attorney General himself would be foreclosed from making a second interim appointment under subsection (a), though limited in his choice, of course, by subsection (b).

Now a second interim appointment has been made. Moreover, this Court cannot say that the Senate has "refused" to give advice and consent to Mr. McNamara's appointment. Despite the reservation I earlier expressed on the power to confer a second interim appointment on Mr. McNamara, *In Re: Grand Jury Proceedings,* 673 F.Supp. 1138, 1142, it appears reasonable to interpret § 546(a) to permit such a second interim appointment where, as here, Mr. McNamara's nomination by the President is presently pending before the Senate without any formal action yet taken, and where the district court for the district in which the United States Attorney's office is situated has expressly declined to exercise its power under § 546(d). Thus, the United States Attorney's office would no longer appear to be vacant as it was during the submission of the prior application for immunity in *In Re: Grand Jury Proceedings,* 673 F.Supp. 1138.

Accordingly, the immunity order shall issue.